386 P.2d 78

**Walter E. MURPHEY, Jr., Appellant,**

**v.**

**Dominga O. VALENZUELA, a widow, Appellee.**

**No. 7549.**

Supreme Court of Arizona.

In Division.

Oct. 30, 1963.

Hirsch, Van Slyke, Richter & Ollason, Tucson, for appellant.

Boyle, Bilby, Thompson & Shoenhair, Tucson, for appellee.

UDALL, Vice Chief Justice.

This is an appeal from an order dismissing the second amended complaint in the above entitled case as to Dominga Valenzuela, one of the defendants in the action. She will hereinafter be referred to as the defendant.

The facts are that the appellant Walter E. Murphey, Jr., plaintiff below and hereinafter referred to as plaintiff, brought two actions in the Superior Court of Pima County on April 25, 1958, seeking to foreclose two mortgages that had been executed in his favor by J. Gregory Moore and wife. Named as defendants in the actions were the mortgagors; Dominga O. Valenzuela, a widow; P. L. Daily Roofing & Construction Company, a lien creditor; and Edward Moore Building Services, Inc. who held a second mortgage.

After the original complaint was filed, Edward Moore Building Services, Inc. was the only one of the defendants served that filed an answer. The defendant Valenzuela was not served at this time. The defendant P. L. Daily Roofing & Construction Company's lien had expired by reason of their failure to file a complaint on their lien. Both cases came on for trial between plaintiff and defendants, the Moores and P. L. Daily Roofing & Construction Company, on September 8, 1959, and plaintiff obtained a judgment against those defendants.

Thereafter, on the 31st day of March, 1960, the plaintiff and all the defendants served, by their attorneys, signed a stipulation agreeing to a dismissal of both actions with prejudice. Accordingly the court, on April 1, 1960, entered its order that the case be dismissed with prejudice. Subsequently the plaintiff and the defendant Edward Moore Building Services, Inc. filed a stipulation agreeing to set aside the order of dismissal with prejudice which had been previously made. In compliance with the terms of this second stipulation the trial court, on May 29, 1961, ordered the dismissal set aside and ordered that the cases proceed to trial on their merits. The two cases were later consolidated.

It does not appear nor does the plaintiff contend that the defendant Valenzuela assumed payment of the mortgages or that she had knowledge of them at the time she acquired the property designated as Lot 16

in Block 8 in Riverside Park Addition. The defendant Valenzuela did not participate in the trial of the causes on September 8, 1959 and the alias summonses were not served on her until September of 1961 which was more than two years after the complaint had been filed.

After the stipulation of dismissal was set aside and the cases reset for hearing on plaintiff's second amended complaint the defendant Valenzuela made a motion to dismiss the action on two grounds: (1) the original summons in this cause of action was not served upon the defendant within one year after being issued, as provided by Rule 6(f), R.Civ.P., 16 A.R.S., and (2) the matters alleged in plaintiff's second amended complaint are res judicata, since the above entitled case was dismissed with prejudice on April 1, 1960. The court, after taking said motion under advisement, did on the 17th day of October 1961 make the following order:

> "IT IS ORDERED that the motion of defendant Valenzuela, to dismiss the second amended complaint, is granted and IT IS FURTHER ORDERED that the second amended complaint is dismissed as to Dominga O. Valenzuela."

 The plaintiff first contends that failure to serve the summons within one year from time of filing the complaint does not automatically cause an action to abate. It is not disputed that the defendant was not served until September of 1961, although the actions were instituted in 1958. The plaintiff asserts that since the defendant took no action to have the cause dismissed until the proper service had been made, it must be deemed that the defendant waived her right to have the action dismissed for failure of service. This contention is without merit since there is nothing in the record to show that the defendant had knowledge of these actions prior to the time that she was served. It appears that the defendant promptly moved to dismiss the action after the summons was served upon her and she became aware that she was being sued. Hence she could not have waived any rights until it was brought to her notice that the action had been filed. Waiver is an intentional relinquishment of a known right. Builders Supply Corp. v. Marshall, 88 Ariz. 89, 352 P.2d 982 (1960); City of Tucson v. Koerber, 82 Ariz. 347, 313 P.2d 411 (1957).

██ Plaintiff is under a legal duty to use due diligence in having service made upon the defendant within the time prescribed by law.[1] One of the fundamental reasons for requiring the plaintiff to exercise due diligence in seeking to have the

1. "There is the danger * * * that, if suits were permitted for a long time to lie dormant by the failure to have notice given to defendant when such notice could well be given, these [the] latter might be greatly and wrongfully prejudiced by

defendant served with process arises out of the fact that when a suit is commenced the statute of limitations is tolled. This proposition of law is fundamental in dealing with the question of service.[2]

The law in Arizona on the question of service after a complaint is filed is clear and unequivocal. Rule 6(f), R.Civ.P., provides:

> "An action shall abate if the summons is not issued and served, or the service by publication commenced within one year from the filing of the complaint."

And Rule 3, R.Civ.P., provides:

"A civil action is commenced by filing a complaint with the court."

Since we have approved the ruling of the trial court in reference to the first ground for the motion to dismiss, we do not find it necessary in the disposition of the case to make a ruling on the question of res judicata.

Judgment affirmed.

STRUCKMEYER and JENNINGS, JJ., concur.

---

being brought into court long after the subject-matter of controversy had passed out of their minds, when perhaps witnesses are dead and testimony lost, and yet the statute of limitations might not be available as a defense. * * * Suits at common law, which have been duly commenced by the filing of a declaration and the issue of process thereafter, cannot thereafter be permitted to remain indefinitely within the control of the plaintiff alone. The suit should be effectively prosecuted in good faith or dismissed." Bowen v. Wilson, 56 App.D.C. 375, 15 F. 2d 733 (1926).

2. In Schram v. Holmes, et al., D.C., 4 F.R.D. 119 (1943), plaintiff brought suit on an action that would have been barred by the statute of limitations within three months after the filing, and plaintiff subsequently served process on the defendant nine months after filing the complaint, although plaintiff knew of the residence of the defendant during the entire time. In response to defendant's plea in abatement the case was dismissed. In discussing this proposition the court said: "It is our conclusion that this court has the power to determine whether or not there has been due diligence used and we hold that in this particular action there was not. Nine months may not usually be of great importance in the life of a country or a world. On the other hand much can happen within that limited period. If the defendant had been served when he should have been served he might have made a settlement. It might have stopped interest running. He might have been in a position to offer a defense which he hasn't got now. Plaintiff knew for the greater part of six years that he was going to bring action against defendant some day if defendant didn't pay, but he held back almost the entire six years and then added six months more to the statute of limitations." Id. at 122.