472 P.2d 955

The HARTFORD INSURANCE GROUP and New York Underwriters Insurance Company, Appellants,

v.

John H. BECK and Marguerite Beck, and John H. Beck, dba J. H. Beck & Associates; Southern Arizona York Contracting Company, Inc., and Robert Chuckrow Construction Company, Inc., Appellees.

No. 2 CA–CIV 795.

Court of Appeals of Arizona, Division 2.

July 31, 1970.

Rehearing Denied Sept. 2, 1970.

Review Denied Nov. 10, 1970.

Mesch, Marquez & Rothschild, by Douglas H. Clark, Jr., Tucson, for appellants.

Jennings, Strouss & Salmon, by Charles R. Esser and Jon L. Kyl, Phoenix, for appellees Beck and Associates.

Chandler, Tullar, Udall & Richmond, by Joseph R. McDonald, Tucson, for appellees Southern Arizona York.

May, Dees & Newell, by Robert May, Tucson, for appellees Robert Chuckrow Construction.

KRUCKER, Judge.

While working, Audelio V. Carrillo was injured by an explosion of a furnace. He sued the Christopher City Development and Tucson Gas and Electric for personal injury in Cause No. 105179. Eventually, Carrillo's cause of action was subrogated to the Hartford Insurance Group,[1] et al, who, as plaintiffs herein, in Cause No. 105382, sued multiple defendants. Summary judgments were entered in favor of three of the defendants, Beck, Chuckrow, and Southern York. Plaintiffs Hartford now appeal these three determinations.

The injury in question occurred in January, 1966. Plaintiffs Hartford's first complaint, a negligence action, was filed naming Weil-McLain Manufacturing Company, Tucson Gas & Electric and John Does one through ten as defendants. Hartford alleged having paid approximately $37,000 for the losses sustained. Then, in July, 1968, plaintiffs filed an amended complaint in which they specifically named, by addition, Southern Arizona York Construction Co. and Chuckrow Construction Co. John H. Beck & Associates were added by No-

---

1. Hereinafter referred to as plaintiffs Hartford.

vember, 1968, in a second amended complaint.

Summary judgment was then sought by defendants on the grounds plaintiffs were too late in their amended complaint naming these latter parties and that the statute of limitations against them had thus run. Chuckrow, Beck and York all submitted uncontroverted affidavits that they had no notice of the suit until service under the second amended complaint. The trial court granted . the motions for summary judgment as to Beck, Chuckrow and York. Hartford appeals.

The sole issue raised by this appeal is whether an amended complaint containing the actual names of defendant originally unknown and sued by fictitious names relates back to the original complaint and is therefore not foreclosed by the statute of limitations which ran prior to the amended complaint and notice thereunder.

Under 16 A.R.S., Rules of Civil Procedure, Rule 10(f), it has long been proper to designate a defendant, whose actual name is unknown to plaintiff, by a "John Doe" name. When his true name is learned, the pleading is then amended accordingly. Also, under the new 1966 Rule, 16 A.R.S., Rules of Civil Procedure, Rule 15(c)[2] it is clear that a subsequent amendment of a party defendant relates back to the original complaint only when (1) the claim arose out of an occurrence set forth in the original pleading and if within the

period provided by law for commencing the action; (2) defendant has received notice of the institution of the action and is not prejudiced by the amendment; and (3) defendant knew or should have known of the action but for a mistake as to his identity. Proper service of process satisfies (2) and (3) at least in respect to some government agenices.

The State Bar Committee Note—1966 indicates the new rule is designed primarily to cover cases involving public officials, but not exclusively. In particular, it applies when a person is thought to occupy an office, but does not, or when an agency incorrectly is denominated instead of an individual.

The former Rule 15(c) provided only that an amendment related back when the claim arose out of the same occurrence.[3] However, by case law similar restrictions to those now explicit in the new Rule were added. For example, Barron & Holtzoff, Federal Practice and Procedure § 448, 766, point out that under this rule the fundamental question is whether defendant has been put on notice in regard to the original claim, pointing out that for some jurisdictions this meant formal service, and for others, any source of notice was acceptable. And, in footnote 31, page 769, they cite a case similar to the instant case in which X & Y plus John Doe and Richard Doe were named in an original complaint. After the running of the statute of limita-

---

2. "15(c) *Relation back of amendments*. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. Service of process in compliance with Rules 4(d) (7) or (8) satisfies the requirement of clauses (1) and (2) hereof with respect to the state, county, municipal corporation or any agency or officer thereof to be brought into the action as a defendant. Amended July 1, 1966. Effective on and after midnight Oct. 31, 1966."

3. "15(c) *Relation back of amendments*. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

tions, the aliases were made specific. The 9th Circuit in Hoffman v. Halden, 268 F. 2d 280 (9th Cir. 1959), held the cause of action invalid as to the amended parties because the statute had run.

We have studied the cases under both rules and must conclude that the trial court in the instant case was correct. Plaintiffs had a right to use John Does and subsequently to amend. However, when the amendments are made after the statute of limitations has run, the amendment related back only if defendants actually had or should have had notice of the claim against them as to the original occurrence in question. Plaintiffs did not contend defendants knew or should have known of the claim here. They merely contended Rule 10 gave them a right to amend, regardless of most limitation statutes. We cannot conceive that a plaintiff can routinely avoid the statutes of limitations by filing a John Doe complaint and then amend it and serve notice at his pleasure.

Judgments affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.