517 P.2d 104

Robert G. **GOULD**, Appellant,

v.

Alfred M. **TIBSHRAENY** and Dorothy Tibshraeny, dba Alfred M. Tibshraeny Construction Co., Appellees.

No. 1 CA–CIV 1962.

Court of Appeals of Arizona, Division 1, Department A.

Dec. 18, 1973.

Rehearing Denied Jan. 16, 1974.

Review Denied Feb. 5, 1974.

R. Kelly Hocker, Tempe, for appellant.

Maupin, Wilson & Maud, by Oliver H. Maud, Jr., Phoenix, for appellees.

### OPINION

OGG, Judge.

Plaintiff Robert G. Gould was injured while working in the construction of the Tri City Mall in Mesa, Arizona. He instituted a negligence action against several named defendants and against Does I through X. He later filed an amended complaint substituting the Defendants-appellees Alfred M. Tibshraeny and Jane Doe Tibshraeny (the record establishes

that her true name is Dorothy), dba Alfred M. Tibshraeny Construction Co. for the Doe defendant I and II. The amended complaint was served on these defendants after the statute of limitations had run and based upon that fact the trial judge granted defendant Tibshraeny's motion to dismiss plaintiff's amended complaint. Plaintiff now brings this appeal.

The issue raised by this appeal is whether an amended complaint containing the actual names of defendants originally unknown and sued by fictitious names relates back to the original complaint and is therefore not foreclosed by the statute of limitations which ran prior to the filing and service of the amended complaint.

There is no dispute in the fact that plaintiff's cause of action is governed by the two year statute of limitations as set forth in ARS § 12–542.

The pertinent facts necessary for the disposition of this appeal are as follows:

1. May 1, 1968—the plaintiff was injured

2. April 28, 1970—plaintiff filed his original complaint including fictitious Doe defendants

3. April 30, 1970—the statute of limitations ran

4. June 18, 1970—plaintiff filed an amended complaint replacing the fictitious defendant names with the names of the defendants Tibshraeny

5. March 3, 1971—service of process was made on these defendants

Plaintiff contends it was proper for him to substitute the defendants Tibshraeny for the fictitious defendants under the provisions of Rule 10(f), Arizona Rules of Civil Procedure, 16 A.R.S., which reads:

"When the name of the defendant is unknown to the plaintiff, the defendant may be designated in the pleadings or proceeding by any name. When his true name is discovered the pleading or proceeding may be amended accordingly."

Plaintiff further argues that this amended pleading relates back to the date of the

**148**

original pleading under the provision of Rule 15(c), Arizona Rules of Civil Procedure and therefore his cause of action is not barred by the statute of limitations. Rule 15(c):

> "Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits,* and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." * * *

[Emphasis added]

Defendants agree that Rule 10(f) allows the plaintiff to amend his pleadings to redesignate these defendants. However, defendants contend this amendment provision is qualified or conditioned by the requirement of Rule 15(c) which directs that, before the amended complaint will relate back to the date of the original complaint, the party brought in must have had notice of the action before the statute of limitations has run.

■ This same legal problem on a similar fact situation was presented to the Court of Appeals, Division Two, in the case of Hartford Insurance Group v. Beck, 12 Ariz.App. 532, 472 P.2d 955 (1970). In that case the Court held the plaintiffs had a right to use John Does and subsequently to amend. However, when amendments are made after the statute of limitation has run, the amendment related back only if defendants actually had or should have had notice of the claim against them. See also Grobe v. McBryde, 105 Ariz. 577, 468 P.2d 936 (1970).

In our opinion the reasoning in Hartford, supra, is sound and applies to this case.

It is fundamental that the purpose of the statute of limitations is to provide a cutoff point in time for stale claims. Rule 15(c) carries out this sound policy by requiring notice of the institution of the action within the time limitations set by the statute of limitations before an amendment adding new parties will relate back to the date of the original pleading.

The record before the trial court clearly showed the defendants Tibshraeny had no notice of the institution of an action against them until they were served almost three years after the accident and approximately one year after the statute of limitations had run.

The judgment of the trial court dismissing the complaint against the defendants Tibshraeny is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.