561 P.2d 736

**HUGHES AIR CORPORATION, a Delaware Corporation, dba Hughes Air West, Petitioner,**

v.

**MARICOPA COUNTY SUPERIOR COURT and the Honorable Charles Hardy, a Judge thereof, Real Party in Interest, Tony R. ABRIL, Respondents.**

No. 12936.

Supreme Court of Arizona, In Banc.

Feb. 17, 1977.

Lewis & Roca by John P. Frank, Brian Goodwin, Anthony R. Lucia, Phoenix, for petitioner.

Hughes & Hughes, P.C. by John C. Hughes, Phoenix, for real party in interest.

CAMERON, Chief Justice.

In this petition for special action, we must interpret Rule 15(c), Rules of Civil Procedure, 16 A.R.S., concerning the relation back of an amended complaint to a corporate defendant not served within the time limits of the statute of limitations.

The facts necessary for a determination of this matter are as follows. On 4 March 1974, while on an airplane operated by Hughes Air West, the plaintiff, Tony R. Abril, was injured. Hughes Air West is the name under which Hughes Air Corporation operates a commercial air line. The trade name, Hughes Air West, and the name of the company, Hughes Air Corporation, are listed in the office of the Secretary of State pursuant to A.R.S. § 44–1460, et seq. At that time Hughes Air Corporation, a Delaware corporation, was 78% owned by the Summa Corporation and 22% owned by Howard Hughes. Summa Corporation was owned 100% by Howard Hughes.

On 3 March 1976, one day before the running of the statute of limitations (A.R.S. § 12–542), plaintiff filed suit for personal injury naming "Hughes Aircraft Company, a Delaware corporation, dba Hughes Air West," as defendant. Hughes Aircraft Company is owned by the Howard Hughes

Medical Institute and has no connection with Hughes Air West.

The C. T. Corporation, statutory agent for Hughes Aircraft Company, was served on 5 March 1976, one day after the running of the statute of limitations.

Hughes Aircraft Company, based on the fact that Hughes Aircraft Company has no relationship to Hughes Air West, moved to dismiss which motion was granted on 29 June 1976.

Plaintiff was given leave to amend. On 13 July, Hughes Air Corporation, dba Hughes Air West, was named in an amended complaint as defendant and the C. T. Corporation, as statutory agent, was served on 21 July 1976.

Hughes Air Corporation, dba Hughes Air West, moved to dismiss based upon the statute of limitations which motion was denied and from which denial the special action was brought to this court.

The applicable rule reads as follows:

"15(c) *Relation back of amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. * * * "

Rule 15(c) calls for the satisfaction of three criteria before the amended complaint can relate back to defendant Hughes Air Corporation, dba Hughes Air West:

1. The claim in the amended pleading must arise out of the same occurrence.

2. Hughes Air Corporation, dba Hughes Air West, had notice of the claim within the time of the running of the statute of limitations and is not prejudiced.

3. Hughes Air Corporation, dba Hughes Air West, knew or should have known that but for the mistake in the caption of the suit, the suit would have named the defendant.

As to the first requirement, there is no question that the pleading relates to the same occurrence referred to in the first complaint.

As to the third requirement, had Hughes Air Corporation, dba Hughes Air West, known of the lawsuit, it is safe to assume that they would have known that but for the mistake they would have been the named defendant.

There is, however, no indication that Hughes Air Corporation, dba Hughes Air West, the new party, had received the notice within the time allowed by the statute of limitations.

The rule has been stated by our Court of Appeals:

"The former Rule 15(c) provided only that an amendment related back when the claim arose out of the same occurrence. (footnote omitted) However, by case law similar restrictions to those now explicit in the new Rule were added. For example, Barron & Holtzoff, Federal Practice and Procedure § 448, 766, point out that under this rule the fundamental question is whether defendant has been put on notice in regard to the original claim, pointing out that for some jurisdictions this meant formal service, and for others, any source of notice was acceptable. And, in footnote 31, page 769, they cite a case similar to the instant case in which X & Y plus John Doe and Richard Doe were named in an original complaint. After the running of the statute of limitations, the aliases were made specific. The 9th Circuit in *Hoffman v. Halden,* 268 F.2d 280 (9th Cir. 1959), held the cause of action invalid as to the amended parties because the statute had run.

"We have studied the cases under both rules and must conclude that the trial court in the instant case was correct. Plaintiffs had a right to use John Does and subsequently to amend. However, when the amendments are made after the statute of limitations has run, the amendment related back only if the defendants actually had or should have had notice of the claim against them as to the original occurrence in question. * * *" *Hartford Insurance Group v. Beck,* 12 Ariz. App. 532, 533–34, 472 P.2d 955, 956–57 (1970). See *Pima County v. Superior Court,* 113 Ariz. 221, 550 P.2d 92 (1976); *Drug, Cosmetic & Beauty Trades Service, Inc. v. McFate,* 14 Ariz.App. 7, 480 P.2d 30 (1971).

Based upon the record as filed in this court and the file of the matter in the Superior Court, it is apparent that Hughes Air Corporation, dba Hughes Air West, had no notice, formal or informal, of the claim within the time of the running of the statute of limitations. The record is silent as to any negotiations between the plaintiff and representatives of Hughes Air Corporation, dba Hughes Air West, or for that matter Hughes Aircraft Company. The first notice to either company was on the date of service one day after the running of the statute of limitations. Under these facts, the trial court abused its discretion in not granting defendant's motion to dismiss.

■ Plaintiff contends, however, that Hughes Aircraft Corporation, dba Hughes Air West, had actual notice at the time of the service upon Hughes Aircraft Company because both corporations had the same statutory agent. C. T. Corporation is a statutory agent for many corporations throughout the United States. As the pleading of the defendant in the trial court states without contradiction, "The Court can take judicial notice to the fact that C. T. Corporation Systems is a major statutory agent service all over the United States representing hundreds of thousands of companies." We do not believe that service upon the statutory agent for and on behalf of one corporation is, without more, service upon or notice to another corporation for which the person served is also the statutory agent.

■ Plaintiffs also contend that since Hughes Air Corporation Hughes Aircraft Company were owned by one entity, Howard Hughes, notice to one was notice to another. Again we do not agree. The record indicates that the Hughes Aircraft Company is owned by Howard Hughes Medical Institute and there is no indication in the record that Howard Hughes was an officer or director of that corporation.

Plaintiff cites *Servatius v. United Resort Hotels, Inc.,* 85 Nev. 391, 455 P.2d 621 (1969), as a case on all fours. In that case the plaintiff and her husband sued the Aku Aku restaurant under the name of Aku Aku, Inc. After the statute of limitations had run they amended to sue United Resort Hotels, Inc., dba Aku Aku. The record in that case showed that there was the same statutory agent, Joan D. Hays; the same address as the principal place of business; and the same four people on the Board of Directors of Aku Aku, Inc., and United Resort Hotels, Inc.

There was, however, something more. The Nevada court, while agreeing that "a new party may not be brought into an action once the statute of limitations has run because such an amendment amounts to a new and independent cause of action," 455 P.2d at 622, noted that the new defendant had actual notice, knew it was the proper defendant, was not prejudiced, and went on to say:

"We are further persuaded to this holding under the particular facts of this case because of the inference that Aku Aku, Inc. tended to protect the true operator of the restaurant United Resort Hotels, Inc. d/b/a Aku Aku, and confuse those who attempted to deal with the restaurant in its correct corporate identity. "We recognize there is considerable authority which might support a contrary decision, but in this limited situation we are not persuaded by it." 455 P.2d at 623.

We do not find these circumstances in the instant case.

Plaintiff also relies on *Heath v. Martin,* 187 Kan. 733, 359 P.2d 865 (1961) in support of his position. In that case the defendant Rex Martin, dba Rosedale Cab Company, allowed the suit against Rosedale Cab Company to be pursued to conclusion and did not reveal the fact that there was no corporation until execution on the judgment was attempted. The Kansas Supreme Court, in allowing an amendment to relate back, stated:

"We conclude that Rex Martin, who was the real defendant, made his appearance; with the help of able counsel he defended the action; he, at all times, had full knowledge no such corporation existed as that named in plaintiff's petitions and the answers because he was the sole owner thereof and was doing business under the name, Rosedale Cab Company, whereby plaintiff and her counsel, the trial court, and even defense counsel were so misled and lulled into such a false sense of security that the mistake in the name of the business sued (an agent of which business had negligently caused plaintiff's injury and damage) was neither realized nor discovered by any of them until the hearing in aid of execution. Under such circumstances, the trial court had the power under G.S.1949, 60–759 and it was correct in granting plaintiff's motion and ordering amendments, in furtherance of justice, to the end that Rex Martin, doing business as the Rosedale Cab Company was substituted for and made the named defendant in the case in place of the Rosedale Cab Company, a corporation." 187 Kan. at 740–41, 359 P.2d at 871.

Both *Servatius* and *Heath,* supra, concerned fact situations in which it was clear that the defendants had actual notice, knew they were the real defendants, were not prejudiced by the misnaming of the party, and, in addition, had conducted themselves so as to conceal from the plaintiffs the correct defendants. We find no such concealment by the defendant in the instant case. We do not believe *Heath* or *Servatius,* supra, control the present situation.

Although the law allows the plaintiff two years in which to bring suit in a personal injury action, the sooner the defendant is put on notice either by suit or less formal contact, the better he is able to preserve the evidence for later presentation to the trier of fact. When a plaintiff waits until the last day of a two year statute of limitations to bring suit, there are certain risks inherent in such delay. What happened here is one of those risks.

The matter is remanded to the trial court with directions to grant defendant's, Hughes Air Corporation dba Hughes Air West, motion to dismiss.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.