598 P.2d 1036

David L. GONZALEZ and Hermania Gonzalez, husband and wife, and Raul Romero, a single man, Plaintiffs/Appellants,

v.

TIDELANDS MOTOR HOTEL COMPANY, INC., a corporation, Defendant/Appellee.

No. 2 CA–CIV 3205.

Court of Appeals of Arizona, Division 2.

May 18, 1979.

Rehearing Denied June 15, 1979.

Review Denied July 19, 1979.

Haralson, Kinerk & Morey, P. C. by Carter Morey, Thomas W. Anderson, Tucson, for plaintiffs/appellants.

Chandler, Tullar, Udall & Redhair by D. B. Udall, Tucson, for defendant/appellee.

## OPINION

HOWARD, Judge.

This is an appeal from the dismissal of plaintiff's complaint. The issue below was whether the plaintiffs' claim against the Tidelands Motor Hotel Company, Inc. was barred by the statute of limitations, A.R.S. Sec. 12–542(1).[1] More specifically, the issue is whether the filing of an amended complaint naming the Tidelands Motor Hotel Company, Inc. as a fictitious corporation tolled the statute of limitations. The trial court found that it did not. We agree.

On August 7, 1974, the plaintiffs filed a complaint against one Guillermo Dorame and John Does 1 through 10. The complaint alleged that on January 1, 1974 at approximately 12:30 a. m. at the Tidelands Motor Inn in Tucson, Arizona, David Gonzalez and Guillermo Dorame got into a fight in a cocktail lounge. The fight was stopped by one Salvador Huerta who was believed to be employed in the cocktail lounge. Gonzalez and his friend, plaintiff Raul Romero, left. While they were in the street next to the Tidelands, Dorame, driving on the wrong side of the street, struck them with an automobile and left the scene without stopping.

On December 12, 1975, plaintiffs filed an amended complaint. Added as defendants were Salvador Huerta and his wife and ABC, Inc., an Arizona corporation. The amended complaint states that the true

---

1. This statute provides that action for personal injuries shall be commenced and prosecuted within two years after the cause of action accrues.

name of ABC, Inc. is not known to the plaintiffs and at such time as it becomes known to them they will request leave of court to amend their complaint. The amended complaint contains an additional count in which the plaintiffs allege that Huerta was the bartender in the cocktail lounge, that his negligence was a proximate cause of the injury to the plaintiffs, and that at the time Huerta was acting within the scope of his employment by ABC, Inc., therefore ABC, Inc. was responsible for the consequences of Huerta's acts and omissions under the doctrine of respondeat superior.

On May 10, 1976, more than two years after accrual of the cause of action, Tidelands Motor Hotel Company, Inc. was served with the amended complaint and summons. Tidelands answered and as an affirmative defense set forth the statute of limitations.

At the hearing on the motion to dismiss, the trial court heard the sworn testimony of the lawyer who filed the amended complaint and the sworn testimony of a lawyer for the Tidelands. Although the minute entry shows that a court reporter was present, we have not been provided with a transcript of the testimony of these witnesses. After hearing the testimony the trial court made findings of fact and conclusions of law and found, inter alia, that prior to January 1, 1976, Tidelands Motor Hotel Company, Inc. was a defendant known to the plaintiffs if they had made a reasonable inquiry and/or resorted to easily accessible means of information. It further found that in December of 1975, the plaintiffs improperly filed a complaint alleging a cause of action against a fictitious corporate defendant. Furthermore, the trial court found that the Tidelands Motor Hotel Company, Inc. was prejudiced in its defense of the case on the merits because it was first notified of the lawsuit in May of 1976.

Rule 10(f), 16 A.R.C.P., provides:

"When the name of the defendant is unknown to the plaintiff, the defendant may be designated in the pleadings or proceeding by any name. When his true name is discovered the pleading or proceeding may be amended accordingly."

In California, Cal.Civ.Proc.Code Sec. 474 allows the use of fictitious names when "the plaintiff is ignorant of the name of a defendant." The courts there have held that the lack of knowledge of the true name of a defendant must be real and not feigned, and must not be willful ignorance, or such as may be removed by some inquiry or resort to information that is easily accessible. *Schroeter v. Lowers*, 260 Cal.App.2d 695, 67 Cal.Rptr. 270 (1968); *Herschfelt v. Knowles-Raymond Granite Company*, 130 Cal.App.2d 347, 279 P.2d 104 (1955). See also, 67A C.J.S. Parties § 115 at p. 938 (1978). Plaintiffs must act diligently in identifying defendants by their true names. *Grobe v. McBryde*, 105 Ariz. 577, 468 P.2d 936 (1970); *Van Campen v. Upjohn Company*, 19 Ariz.App. 81, 504 P.2d 1304 (1973). We believe the rule stated in the California cases, and stated inferentially in *Grobe*, is the proper interpretation of Rule 10(f), 16 A.R.C.P. The question of whether the plaintiffs acted in good faith in the use of Rule 10(f) rests primarily with the trial court. Appellate inquiry begins and ends with the determination of whether substantial evidence exists to warrant the trial court's finding. Although we have not been provided with a transcript of the testimony at the hearing, appellants do not contend that the true name of ABC Corporation could not have been determined by reasonable inquiry or resort to easily accessible means of information.

Affirmed.

HATHAWAY, J., and ROBERTO C. MONTIEL, Superior Court Judge, concurring.

NOTE: Chief Judge L. RICHMOND having recused himself in this matter, Judge ROBERTO C. MONTIEL was called to sit in his stead and participate in the determination of this decision.