613 P.2d 628

**Larry J. MEYER, Plaintiff/Appellant,**

v.

**KELSEY–HAYES CORPORATION, a Delaware Corporation, Defendant/Appellee.**

No. 2 CA–CIV 3352.

Court of Appeals of Arizona, Division 2.

April 18, 1980.

Rehearing Denied May 28, 1980.

Review Denied June 17, 1980.

Healy & Beal, P. C. by James H. Dyer, Tucson, for plaintiff/appellant.

Bilby, Shoenhair, Warnock & Dolph, P. C. by Mary E. Mangotich, Tucson, for defendant/appellee.

## OPINION

HATHAWAY, Chief Judge.

Plaintiff-appellant (Meyer) appeals from the judgment entered against him on defendant-appellee's motion to dismiss and motion for summary judgment. We affirm.

Meyer was injured at his place of employment when an explosion occurred while he was working on a tire and two-piece rim. He filed suit against various named and fictitious defendants. Subsequently, he filed and had served an amended complaint naming appellee in place of a fictitious defendant. Appellee answered and filed its motion to dismiss and motion for summary judgment, the granting of which is challenged by this appeal.

The pertinent issues raised by this appeal are whether the amended complaint containing appellee's actual name relates back to the original complaint and preserves appellant's claim from (1) assignment to his employer's insurance carrier, A.R.S. Sec. 23–1023, or (2) abatement under 16 A.R.S., Rules of Civil Procedure, rule 6(f). We hold against appellant on the former issue which eliminates the necessity of our addressing the latter.

The following facts are important to our consideration:

1. January 7, 1977, Meyer was injured on the job.

2. January 4, 1978, suit was filed against various named and fictitious defendants.

3. December 4, 1978, motion to amend complaint and amended complaint were filed.

4. December 18, 1978, alias summons and copy of amended complaint were served on payroll department employee in appellee's head office in Wayne County, Michigan.

█ Appellant first contends that he preserved his claim against appellee by "instituting an action within one year after the cause of action accrues," pursuant to A.R.S. Sec. 23–1023, naming appellee as a fictitious defendant, thus blocking an assignment of the claim to his employer's insurance carrier under the statute. See, *Canez v. Polanco*, 120 Ariz. 128, 584 P.2d 592 (App.1978); *Trujillo v. Brasfield*, 119 Ariz. 8, 579 P.2d 46 (App.1978). It is undisputed that a summons was not issued or served upon appellee, nor did appellee have notice of the lawsuit as a fictitious defendant. Appellee was served approximately 23 months after the action accrued. Where fictitious defendants have no notice of suit until service of an amended complaint containing their actual names, the amended complaint is foreclosed by the statute of limitations which runs in the interim and does not relate back to the original complaint. 16 A.R.S., Rules of Civil Procedure, rule 15(c); *Hartford Insurance Group v. Beck*, 12 Ariz.App. 532, 472 P.2d 955 (1970), followed in *Gould v. Tibshraeny*, 21 Ariz. App. 146, 517 P.2d 104 (1973).

█ Appellant argues that the one-year period in A.R.S. Sec. 23–1023 is not intended as a statute of limitations. He relies on *Henshaw v. Mays*, 20 Ariz.App. 300, 512 P.2d 604 (1973), for the proposition that the statute was enacted for the benefit of the injured employee and his dependents and confers no rights on third-party tortfeasors. We consider *K.W. Dart Truck Company v. Noble*, 116 Ariz. 9, 567 P.2d 325 (1977), more in point. It was there settled that an unconditional statutory assignment of the injured employee's right of action is made to the employer's insurance carrier where the employee does not bring the action within one year. Thus, in the instant case, the claim was removed from appellant's access by statutory assignment under A.R.S. Sec. 23–1023. As the doctrine of relation back of pleadings cannot remove the intervening operation of a statute of limitations, neither can it recall the assigned claim.

Affirmed.