625 P.2d 942

**Leonard GARDNER and Phyllis Gardner, husband and wife, and individually, Leonard Gardner, Jr., and Leah Gardner, minors, by and through their actual father and guardian, Leonard Gardner; and Fernando Valencia and Sylvia Valencia, husband and wife and individually, Plaintiffs/Appellants,**

v.

**Paul FITHIAN, Defendant/Appellee.**

**No. 2 CA–CIV 3752.**

Court of Appeals of Arizona,
Division 2.

Jan. 23, 1981.

Rehearing Denied March 4, 1981.

Review Denied March 31, 1981.

Paul G. Rees, Jr., P. C., Tucson, for plaintiffs/appellants.

Everett, Bury & Moeller, P. C. by Leonard Everett, Tucson, for defendant/appellee.

## OPINION

HOWARD, Judge.

The issue to be decided in this appeal is whether A.R.S. Sec. 12–501, the tolling statute has any effect on Rule 15(c), Arizona Rules of Civil Procedure, 16 A.R.S.

On September 22, 1974, appellants were injured when their automobile struck a bale of wire which had fallen on the highway from a truck owned by J. J. Willis Trucking Company. Appellants filed a complaint in the superior court on September 22, 1976, naming fictitious "John Doe" defendants. The applicable statute of limitations, A.R.S. Sec. 12–542 ran the same day.

On September 29, 1976, appellants filed an amended complaint replacing one of the fictitious defendants' names with the name of J. J. Willis Trucking Company. The company first recieved notice of the institution of the action on October 4, 1976, when it was served with a summons and complaint.[1]

On April 18, 1978, long after the two-year limitation period of A.R.S. Sec. 12–542 had expired, appellants again amended their complaint replacing one of the fictitious defendants with the name of Paul Fithian, the alleged driver of the J. J. Willis truck at the time of the accident. Fithian did not receive notice of this action until May 17, 1978.

■ While a plaintiff has a right to use John Does in the initial complaint, when an amendment is made after the statute of limitations has run, it relates back only if the defendant had or should have had notice of the claim against him. *Gould v. Tibshraeny*, 21 Ariz.App. 146, 517 P.2d 104 (1973); *Hartford Insurance Group v. Beck*, 12 Ariz.App. 532, 472 P.2d 955 (1970); Rule 15(c), Arizona Rules of Civil Procedure, 16 A.R.S.

Appellants claim the foregoing rule does not apply here because they did not discover Fithian's whereabouts until 1978 and, because they had reason to believe he had been continuously absent from Arizona since the accident, the statute of limitations was tolled under A.R.S. Sec. 12–501 until he was served. We do not agree.

■ The provisions of the tolling statute A.R.S. Sec. 12–501, are irrelevant here. The purpose of the tolling statute is to prevent a defendant from defeating the plaintiff's claim by merely absenting himself from the state. *Selby v. Karman*, 110 Ariz. 522, 521 P.2d 609 (1974). That is not the situation here. No one attempted to serve Fithian within the two-year period; rather, appellants failed to do so because he was absent from the state.[2] Furthermore, Fithian's identity as the alleged driver and his name did not surface until after the statute of limitations had run.

We find the following language in *Hughes Air Corp. v. Maricopa County Superior Court*, 114 Ariz. 412, 561 P.2d 736 (1977) to be singularly appropriate:

"Although the law allows the plaintiff two years in which to bring suit in a personal injury action, the sooner the defendant is put on notice either by suit or less formal contact, the better he is able to preserve the evidence for later presentation to the trier of fact. When a plaintiff waits until the last day of a two year statute of limitations to bring suit, there are certain risks inherent in such delay. What happened here is one of those risks." 114 Ariz. at 415, 561 P.2d 736.

Affirmed.

BIRDSALL, J., and MARKS, Retired J., concur.

Note: Jack G. Marks was called to sit and participate in the determination of this decision by order of the Chief Justice, Arizona Supreme Court.

---

1. In a prior memorandum decision we held that the claim against J. J. Willis Trucking Company was barred by A.R.S. Sec. 12–542 because the amendment did not relate back under Rule 15(c).

2. See *Selby v. Karman*, supra, for a definition of the terms "absence" and "without the state" as used in A.R.S. Sec. 12–501.