656 P.2d 650

**Paul LANE and Elfrieda Lane, husband and wife, Plaintiffs-Appellants,**

v.

**ELCO INDUSTRIES, INC., an Illinois corporation, Defendant-Appellee.**

**No. 1 CA–CIV 5435.**

Court of Appeals of Arizona,
Division 1, Department A.

Dec. 16, 1982.

---

**3.** Moore did not raise, and we do not address, the issue of whether he would be entitled to incidental damages.

Langerman, Begam, Lewis & Marks by Elliot G. Wolfe, Frank Lewis, Phoenix, for plaintiffs-appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Steven D. Smith, Scott A. Salmon, Phoenix, for defendant-appellee.

## OPINION

FROEB, Judge.

In this case we review the practice of naming "fictitious" defendants under rule 10(f), Rules of Civil Procedure, and the extent to which rule 10(f) is interrelated with rule 15 regarding the amendment of pleadings. The appeal is from an order dismissing the product liability complaint filed by appellants Paul and Elfrieda Lane (the Lanes) against appellee Elco Industries, Inc. (Elco) on the ground that the claim was barred by the statute of limitations.

On March 22, 1977, Paul Lane was injured at work while using a power actuated stud driver, loaded with a drive pin and a .22 calibre powder charge. While Lane was driving a nail into the cement in order to affix a metal railing to a cement post, the head of the nail fractured and penetrated his left eye, causing injury and eventual enucleation.

Lane had purchased the stud driver from W.W. Grainger, Inc., in Miami, Florida. The name and address of the Dayton Electric Manufacturing Company appeared on the metal container for the stud driver and on the individual cardboard boxes in which the powder charges and drive pins were packaged and sold. The word "Dayton" was also engraved on the stud driver's handle.

On March 21, 1979, within the two-year period of limitations prescribed by law,[1] the Lanes filed suit alleging that Paul Lane was injured as the result of defects in the manufacture and/or design of the stud driver, drive pins and/or powder charges, and specifically named Dayton Electric Manufacturing Company, Inc., and W.W. Grainger, Inc., as defendants in the action. Also named, as fictitious defendants, were Black Corporations I through V, White Partnerships I through V, and John Does and Jane Does I through X. These fictitious defendants were more particularly described in the complaint as "business entities and individuals who participated in the design, manufacture, assembly, distribution and/or sale of the stud driver, drive pins and .22 calibre powder loads which caused the plaintiff's injury."

Defendant Grainger, an Illinois corporation, was served with a copy of the summons and complaint on May 16, 1979. Grainger filed an answer and asserted a third-party claim for indemnification from Elco Industries, Inc., whom Grainger alleged to be the actual manufacturer of the stud driver. On August 3, 1979, after the two-year period of limitations had expired, the Lanes caused an alias summons to be issued, addressed to "BLACK CORPORATION I, whose true name is: ELCO INDUSTRIES, INC., a Delaware corporation." A copy of the alias summons and copies of the original summons and complaint were served upon Elco on August 24, 1979. No attempt was made by the Lanes to amend the complaint.

Elco filed a motion to dismiss or to strike the service of process and underlying pleadings served upon it. The motion was granted and judgment of dismissal was entered on March 26, 1980. The Lanes appeal from the judgment of dismissal.

Elco urged the trial court to dismiss the complaint for the reason that failure to serve Elco with a copy of an amended complaint which actually named Elco Industries, Inc., as a named defendant rendered the service of process null and void. The same argument was made and rejected by this court in *Brennan v. Western Savings and Loan Association,* 22 Ariz.App. 293, 526 P.2d 1248 (1974). In that case, we stated:

Appellants' contention that Rule 10(f) of the Rules of Civil Procedure requires an amendment to the pleadings to show the true name of the defendant actually

---

1. A.R.S. § 12–542 provides a two-year statute of limitations for actions "[f]or injuries done to the person of another."

served is belied by the wording of the rule. It merely provides that "the pleading or proceeding *may* be amended.... [emphasis added]" There is no requirement that an amendment be made. *Id.* at 297, 526 P.2d at 1252.

■ The object of service of process is to give the defendant notice of the proceedings against him. *See Safeway Stores, Inc. v. Ramirez,* 99 Ariz. 372, 409 P.2d 292 (1965). Where suit is brought against a ficititious defendant, it must be made known to the defendant when he is served with process that he is a defendant and is being served as a fictitious defendant. *Id.* That was done here. The alias summons clearly gave Elco notice that it was being served as a defendant who had been previously designated by a fictitious name.

Elco also urged the trial court to dismiss the complaint on the ground that it was barred by the two-year statute of limitations found in A.R.S. § 12–542. Although the Lanes filed their claim within the two-year period, they did not serve Elco with process until almost two-and-one-half years after the injury.

In support of their argument that their complaint was not barred by the statute of limitations, the Lanes urged the following: (1) a defendant whose true name is unknown to the plaintiff may be designated by any name in the pleadings, rule 10(f)[2]; (2) the statute of limitations is tolled by the commencement of an action, *Murphey v. Valenzuela,* 95 Ariz. 30, 386 P.2d 78 (1963), and a civil action is commenced by the filing of a complaint, rule 3; and (3) an action does not abate if the defendant is served within one year of the date of the filing, rule 6(f).[3] Therefore, argue the Lanes, because they filed their complaint within the two-year statute of limitations and named Elco on that complaint as "Black Corporation" and served process on

Elco within one year from the filing of the complaint, their complaint against Elco was not barred by the statute of limitations.

In response, Elco first argues that it was the Lanes' burden to prove to the trial court that the statute of limitations was tolled, relying on *Engle Brothers v. Superior Court,* 23 Ariz.App. 406, 533 P.2d 714 (1975). Elco contends that the Lanes cannot argue for the first time on appeal that they properly invoked the fictitious defendant procedure because they failed to prove their right to designate Elco by a fictitious name to the trial court. Elco goes on to argue that it was not a proper fictitious defendant under rule 10(f) because the Lanes made no showing that (1) they knew of the existence of Elco but merely lacked knowledge as to its name, *see Vocke v. City of Dayton,* 36 Ohio App.2d 139, 303 N.E.2d 892 (1972), or that (2) their ignorance of the true name of Elco could not have been removed by some inquiry or resort to information that was easily accessible, *Gonzalez v. Tidelands Motor Hotel Co., Inc.,* 123 Ariz. 217, 598 P.2d 1036 (App.1979).

Whether the statute of limitations was tolled in this instance is dependent upon whether the Lanes properly used the procedure of rule 10(f) to name Elco as a fictitious defendant. The threshold question then is whether at some point the Lanes must demonstrate the propriety of using rule 10(f) and, if so, when.

■ We hold that a plaintiff who has named a fictitious defendant under rule 10(f) must bear the burden of showing the propriety of doing so. The defendant must first raise the issue, however, by appropriate motion. Such was not the case here. While Elco filed its motion to dismiss the complaint on various grounds, the specific question now discussed was not presented. It may not be raised for the first time on appeal. *Pool v. Peil,* 22 Ariz.App. 417, 528

---

**2.** Rule 10(f) states:

When the name of the defendant is unknown to the plaintiff, the defendant may be designated in the pleadings or proceeding by any name. When his true name is discovered the pleading or proceeding may be amended accordingly.

**3.** Rule 6(f) states: "An action shall abate if the summons is not issued and served, or the service by publication commenced within one year from the filing of the complaint."

P.2d 168 (1974). We therefore proceed on the assumption that the Lanes properly named Elco as a fictitious defendant under rule 10(f).

Elco's second argument for dismissal of the complaint is that the Lanes failed to comply with rule 15(c) which would allow a subsequent amendment naming Elco to relate back to the original complaint. Rule 15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Elco argues that rule 15(c) is necessarily involved when a fictitious defendant is named in the complaint and the true name is later substituted, referring us to *Gardner v. Fithian,* 128 Ariz. 353, 625 P.2d 942 (App. 1981); *Gould v. Tibshraeny,* 21 Ariz.App. 146, 517 P.2d 104 (1974); and *Hartford Insurance Group v. Beck,* 12 Ariz.App. 532, 472 P.2d 955 (1970). We discuss those cases later.

The Lanes point out that rule 15(c) applies to situations where the complaint is amended to *change* parties. *Hughes Air Corporation v. Maricopa County Superior Court,* 114 Ariz. 412, 561 P.2d 736 (1977).[4] They argue that they did not file an amended complaint because they did not seek to *change* parties. Rather, they designated Elco by a fictitious name at the time of filing because Elco's true name was unknown to them. When they subsequently acquired knowledge of the defendant's true name, they caused an alias summons to be issued in which the defendant named fictitiously in the original complaint was designated by its true name. Therefore, argue the Lanes, rule 15(c) is inapplicable to this case and to complaints naming fictitious defendants in general.

■ We agree with the Lanes that rules 10(f) and 15(c) are derived from different sources and are intended to cover different situations. Rule 10(f) was originally enacted as a statute and was later transformed into a rule of procedure. *See* Section 426, Revised Statutes of 1913, Civil Code. Rule 15(c), however, was adopted from the Federal Rules of Civil Procedure. The specific provision in rule 15(c) which deals with changing parties was added to both the federal and Arizona rules by amendment in 1966. It is also important to note that the federal rules do not have a provision comparable to rule 10(f)[5] and federal practice in Arizona prohibits the designation of parties by fictitious names. Rule 10(d), Rules of Practice, United States District Court for the District of Arizona.

---

**4.** In *Hughes,* plaintiffs mistakenly named the defendant as Hughes Aircraft Company, a Delaware corporation having no direct connection with Hughes Air Corporation, the true defendant. After the statute of limitations had run, plaintiffs sought leave to amend the complaint and correctly name Hughes Air Corporation as the appropriate defendant. Hughes Air Corporation then moved to dismiss on the ground that the prerequisites for changing parties under rule 15(c) had not been met. Following a denial of its motion to dismiss by the trial court, the defendant filed a special action. The Arizona Supreme Court remanded with di-

rections to grant the corporation's motion to dismiss.

**5.** This explains why the federal courts have ruled that replacing a "John Doe" caption with the party's real name amounts to "changing a party" within the meaning of rule 15(c), and the amendment thus relates back only if all three conditions specified in rule 15(c) have been satisfied. *See, e.g., Varlack v. SWC Caribbean, Inc.,* 550 F.2d 171 (3rd Cir.1977); *Sassi v. Breier,* 76 F.R.D. 487 (E.D.Wis.1977), aff'd, 584 F.2d 234 (7th Cir.1978); *Williams v. Avis Transport of Canada, Ltd.,* 57 F.R.D. 53 (D.C. Nev.1972).

Rule 15(c) was amplified in 1966 to more clearly state when an amendment of a pleading changing the party against whom a claim is asserted (including an amendment to correct a misnomer or misdescription of a defendant) shall "relate back" to the date of the original pleading. 12 Wright & Miller, Federal Practice and Procedure, Advisory Committee Note to the 1966 amendment to rule 15(c), Appendix C at 394 (1973). The words "changing parties" have been construed to include adding or deleting parties, as well as substituting them. 6 Wright & Miller, Federal Practice and Procedure § 1498 at 511 (1971); *Travelers Indemnity Co. v. United States,* 382 F.2d 103 (10th Cir.1967).

Rule 10(f) applies to a different situation, however, and has given rise to what is known as "Doe defendant practice." *See* Hogan, *California's Unique Doe Defendant Practice: A Fiction Stranger Than Truth,* 30 Stan.L.Rev. 51 (1977). The wording of rule 10(f) implies that the plaintiff has at least some idea of the existence of a defendant, but is without knowledge of the *name.* There is no need to implicate rule 15(c) to provide for relation back since a party is not being changed or added.

A caveat is appropriate here. When a plaintiff uses rule 10(f) to plead a claim against unknown defendants in circumstances where he has no idea that there are such parties against whom a claim might be asserted (i.e., when he is merely using rule 10(f) as an exercise in precaution), he is in actuality adding a party rather than merely inserting the name of a party already identified in the original complaint. In such a situation rule 10(f) would not be applicable and the plaintiff would need to comply with rule 15(c) if the amendment of the new party is to relate back to the original complaint. Thus, rule 15(c) may be implicated where rule 10(f) is improperly used. *Cf. Gonzalez v. Tidelands Motor Hotel Co., Inc., supra.* We previously pointed out that in this case Elco did not challenge the use of rule 10(f) in the trial court.

Elco relies upon several cases mentioned earlier. In *Gould v. Tibshraeny, supra,* the plaintiff filed an amended complaint and apparently urged the application of both rules 15(c) and 10(f) in order that the amendment substituting the defendants Tibshraeny for the previously designated fictitious defendants would relate back to the date of the original pleading. *Gould* did not present the clear issue of whether rule 15(c) was necessarily applicable in a situation such as that which is before us.

In *Hartford Insurance Group v. Beck, supra,* John Doe defendants were named originally in the complaint. Plaintiff filed an amended complaint after the statute of limitations had run, naming the defendants by their correct names. The trial court granted summary judgment in favor of these defendants on the ground that they had not received notice of suit prior to the running of the limitation period. The court of appeals affirmed by holding that the amendment to the complaint did not relate back to the original complaint because rule 15(c) had not been complied with, i.e., there was no showing the defendants knew or should have known of the claim. *Hartford* appears to deal with the interrelationship of rules 10(f) and 15(c), but, as with *Gould,* the plaintiff had in fact filed an amended complaint and appears to have implicated both rules 10(f) and 15(c). In this posture, the court rejected reliance solely upon rule 10(f) to sustain the amended complaint. We do not think the precise question here was dealt with by the court in *Hartford.*

In *Gardner v. Fithian, supra,* plaintiffs amended their complaint pursuant to rule 15(c) to substitute a named defendant for a John Doe defendant. In opposition to a motion based on the statute of limitations plaintiffs argued the effect of the tolling statute, A.R.S. § 12–501, based on the defendant's absence from the state. The decision does not deal with rule 10(f) or its use and is therefore not relevant to this case.

Finally, our conclusion is supported by discussion in the Arizona Supreme Court decision, *Montano v. Scottsdale Baptist*

*Hospital, Inc.,* 119 Ariz. 448, 581 P.2d 682 (1978). In *Montano,* the court found it unnecessary to decide whether a plaintiff who had timely filed a complaint and effectively served fictitiously named defendants after the statute of limitations had run, but within the one-year period for service as prescribed in rule 6(f), would find his claim barred.[6] Nevertheless, the court suggested that had it reached that issue it might well have found that the plaintiff's claim against the fictitiously named defendants would not have been barred by the statute of limitations. The court said that to hold otherwise

> would work a discrimination against a plaintiff who files against an unknown defendant. In that case, a plaintiff has only the remainder of the two-year period in which to serve the defendants with process, whereas in the case of known defendants there is concededly two years to file the complaint and a full year thereafter to "commence" the action by serving process. Such a discriminatory distinction ought not be found unless a different result could not reasonably be reached.

119 Ariz. at 451, 581 P.2d at 685.

We point out that in most cases it makes little difference, from the defendant's standpoint, whether he was named in the complaint by his true name or by a fictitious name since he generally will not be on notice of the action until he is served with a summons and copy of the complaint. Thus, if the fictitiously named defendant is served within one year from the filing of the complaint, he normally will be at no greater disadvantage than the named defendant served within that time.

■ In summary, we hold that where rule 10(f) is properly used to allege a claim against a fictitious defendant, it is not necessary for a plaintiff to comply with rule

15(c). Where so named in a complaint filed within the statute of limitations, such a defendant may be served within one year of the filing of the complaint by the use of an alias summons in which the true name is set forth.

For the foregoing reasons, the order of dismissal is vacated and the case is remanded for further proceedings.

OGG, P.J., concurs.

CORCORAN, Judge, specially concurring:

For years careful practitioners in an excess of caution have routinely added fictitious parties-defendants to their complaints.

> It appears to be common practice in a few states, notably California and Arizona, to name "Doe" defendants in nearly ever lawsuit filed. Known defendants are named, followed by a listing of "Does" one to ten, or whatever number is desired.

Comment, *Unknown Parties: The John Doe Defendants,* 1970 Ariz.St.L.J. 256, 259 n. 22. This practice has been adopted for a number of good reasons, including that demonstrated in this case.

In a highly specialized international technological and industrial community not only products themselves but a myriad of components may cause injury leading to a claim of liability. In this complex international community, economic, financial, legal, tax, insurance, public relations, potential liability, and a host of other considerations unrelated to the function to be performed in creating products may dictate the form and relationship of national and multi-national corporations and other organizations, some of which do business under assumed names, which must first be identified through discovery before the appropriate parties-defendants can be named. The injured party may have no indication of the *existence* of additional parties-defendants who might be

---

**6.** The defendants failed to assert the bar of the statute of limitations until two years after they had answered the complaint. Thus, they were deemed to have waived the statute of limitations defense.

liable and to anticipate this as a fact by naming fictitious defendants is only reasonable.

In my view, a fair interpretation of rules 10(f) and 15(c) and *Montano v. Scottsdale Baptist Hospital, Inc., supra,* would place a plaintiff in the same posture in filing his complaint against a fictitious defendant where he reasonably believes there is such a defendant but does not have knowledge of his identity, as where reasonable speculation would lead the plaintiff to add fictitious parties-defendants because there *may* be such parties which later discovery will identify.