708 P.2d 753

**Georgia McKINLEY and Fred McKinley, wife and husband, Plaintiffs/Appellants,**

v.

**Lester Peck BETHEL, individually and dba Willcox Texaco; and Floyd Bethel, individually and dba Willcox Texaco and/or Walker Development Co., Defendants/Appellees.**

**No. 2 CA–CIV 5105.**

Court of Appeals of Arizona, Division 2, Department B.

March 29, 1985.

Rehearing Denied May 2, 1985.

Review Denied Oct. 1, 1985.

Haralson, Kinerk & Morey, P.C. by Carter Morey and Denneen L. Peterson, Tucson, for plaintiffs/appellants.

Holloway & Thomas, P.C. by Benjamin C. Thomas and Joseph C. Dolan, Phoenix, for defendants/appellees.

OPINION

LACAGNINA, Judge.

This case involves the application of Rule 15(c), Rules of Civil Procedure, 16 A.R.S., and its function of relating back an amended complaint filed after the running of the statute of limitations to the date of the filing of the original complaint. It also involves the application of Rule 6(f), Rules of Civil Procedure, 16 A.R.S., regarding the service of a summons and complaint within one year after filing of the complaint.

The trial court granted summary judgment in favor of Lester Peck Bethel and Floyd Bethel dismissing Georgia and Fred

McKinley's complaint. McKinleys have filed this appeal, and we reverse.

## I. SERVICE OF PROCESS ON LESTER PECK BETHEL WAS WITHIN THE TIME PERMITTED BY RULE 6(f).

■ The trial court granted summary judgment in favor of Lester Peck Bethel upon a finding that service upon him occurred after the running of the statute of limitations. The court erred by overlooking Rule 6(f), Rules of Civil Procedure, 16 A.R.S., which requires service of summons and complaint within a minimum of one year after a complaint is timely filed within the statute of limitations, *Murphey v. Valenzuela*, 95 Ariz. 30, 386 P.2d 78 (1963), and longer where good cause is shown. *Grobe v. McBryde*, 105 Ariz. 577, 468 P.2d 936 (1970).

The complaint was timely filed on March 14, 1983, within two years from March 19, 1981, the date of the accident, and service of process on April 29, 1983, was within the provisions of Rule 6(f).

## II. THE FILING AND SERVICE OF THE AMENDED COMPLAINT ON FLOYD BETHEL WAS WITHIN THE REQUIREMENTS OF RULE 15(c).

■ The portions of Rule 15(c) which govern the disposition of this case are the following:

"An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. * * * "

The record shows that the amended complaint of June 2, 1983, added Floyd Bethel to the case. The words "changing parties" in Rule 15(c) have been construed to include adding or deleting parties as well as substituting them. *Lane v. Elco Industries, Inc.*, 134 Ariz. 361 at 366, 656 P.2d 650 at 655 (App.1982).

Floyd Bethel had notice of the McKinleys' claim within the period provided by law for commencing an action against him and should have known that but for the mistake of naming his father, Lester Peck Bethel, in the original complaint as owner of Peck's Willcox Texaco, the suit would have named him.

The facts justifying the above conclusion are the following:

1. Floyd Bethel arrived at Peck's Willcox Texaco station March 19, 1981, shortly after the occurrence and knew that Georgia McKinley was taken from the station to receive medical help.

2. On March 19, 1981, Floyd Bethel was personally contacted by Fred McKinley, who advised him that Georgia McKinley had suffered injuries in her fall at Peck's Willcox Texaco station.

3. Fred McKinley asked Floyd Bethel to contact his insurer.

4. Floyd Bethel's insurer, through its claims adjuster, investigated the incident shortly after it occurred and gathered evidence including photographs of the scene of the occurrence. The claims adjuster conducted settlement negotiations with Georgia McKinley over a period of 22 months, which negotiations ended unsuccessfully just prior to her filing suit in this case.

5. Floyd Bethel informed a process server on or about March 21 that he was the owner of Peck's Willcox Texaco and not his father, Lester Peck Bethel.

6. Floyd Bethel had notice of the institution of the suit within the same time he would have known if he had been properly named.

7. The general belief in Willcox was that Peck Bethel owned Peck Bethel's Willcox Texaco.

8. Lester Peck Bethel, father of Floyd Bethel, owned the Peck Bethel Willcox Texaco station for many years and continued

to visit the station frequently after his retirement although ownership had been transferred in 1975 to his son, Floyd Bethel.

9. Although Floyd Bethel knew of the general reputation in Willcox regarding ownership of Peck's Willcox Texaco, he never changed the business sign to indicate otherwise.

Since the facts related above satisfy the requirements of Rule 15(c)(1) and (2) relating to notice, knowledge of mistake and lack of prejudice, the amended complaint filed on June 2, 1983, and served on July 11, 1983, related back to the date of the filing of the original complaint on March 14, 1983, within the original statute of limitations.

It is well settled in Arizona since *Hughes Air Corporation v. Maricopa County Superior Court*, 114 Ariz. 412, 561 P.2d 736 (1977), that amendments made after the running of the statute of limitations relate back when a defendant actually had or should have had notice of the claim against him as to the original occurrence, whether the notice was by suit or less formal contact so that he is in a position to preserve evidence for later presentation to the trier of fact.

The uncontroverted facts in this case show that Floyd Bethel suffered no prejudice by the filing of the amended complaint since he had actual notice of the occurrence giving rise to McKinleys' claim, and evidence was gathered by his insurer for later presentation to the trier of fact, all of which occurred prior to the running of the statute of limitations on the original complaint. The operative facts related above also show that Floyd Bethel knew that but for the mistake in naming his father, whose nickname appeared on the sign over the Willcox Texaco station, as owner of the Willcox Texaco, he would have been named as the defendant. *O'Hare v. Griesmer*, 132 Ariz. 30, 643 P.2d 733 (App.1982); *Servatius v. United Resort Hotels, Inc.*, 85 Nev. 371, 455 P.2d 621 (1969).

The summary judgments granted in favor of the defendants and against the plaintiffs are reversed.

REVERSED AND REMANDED.

HATHAWAY, P.J., concurs.

LIVERMORE, Judge, concurring.

Rule 15(c), by its provision that the party to be added receive "such notice of the institution of the action that he will not be prejudiced" creates some difficulty in this case when conjoined with the requirement that such notice be given "within the period provided by law for commencing the action." Commencement is, of course, defined in Rule 3 as filing a complaint. This appears to require actual notice of the filing of the complaint before the statute of limitations runs. Given the purpose of Rule 15(c) to avoid the bar of the statute when no prejudice appears, 6 C. Wright and A. Miller, Federal Practice and Procedure § 1496 (1971), we should seek to avoid this literal reading if we can.

If actual notice of the filing of a lawsuit before the statute runs must be given to a party to be added, an anomaly arises. Actual notice to a properly named party is not required. A lawsuit, such as the one at issue, filed on the eve of the expiration of the statute of limitations avoids the bar so long as it is served on a named party within a year after its filing. Actual notice of the institution, therefore, could be received as much as a year after the statute has run. There seems no good reason to require greater notice to a party to be added than to one properly named. The result can be achieved by reading "commencement" in Rule 15(c) as the date by which one properly named must be served. Not only would this make parties similarly situated similarly treated but it would also focus on the purpose of Rule 15(c), that those seeking to defend have adequate notice. The adequacy of notice cannot turn on the happenstance of being named in the complaint.

Alternatively, notice of the institution of the action could be construed to mean no-

tice of the intention to file an action. In this case, the insurer for Floyd Bethel had been negotiating with plaintiff during the period before action was brought. When those negotiations broke down, the insurer should have known that suit would be brought. The insurer, as Floyd Bethel's agent to handle legal claims arising from the incident at the Texaco station, thus had notice of the intention to sue and notice to it under the law of agency was notice to its principal, Floyd Bethel, as well. I would hold that notice to be adequate under Rule 15(c). See Advisory Committee Comment on the Amendments to Rule 15(c), 39 F.R.D. 82, 83 (1966) ("the notice need not be formal"); 6 C. Wright and A. Miller, Federal Practice and Procedure 509 (1971).