629 P.2d 1012

**Gweneth J. HEDLUND, a single woman, Plaintiff/Appellant,**

v.

**FORD MARKETING CORPORATION; and Ford Motor Company, a foreign corporation, Defendants/Appellees.**

**No. 2 CA–CIV 3769.**

Court of Appeals of Arizona, Division 2.

April 14, 1981.

Rehearing Denied May 20, 1981.

Review Denied June 16, 1981.

---

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, P.A., by Franzula M. Bacher, Phoenix, for plaintiff/appellant.

Snell & Wilmer by Warren E. Platt and Donald M. Peters, Phoenix, for defendants/appellees.

## OPINION

HOWARD, Judge.

This is an appeal from an order dismissing appellant's amended complaint against Ford Motor Company and Ford Marketing Corporation. The issue is whether the amendment related back to the date of the original complaint, thus precluding the application of the two-year statute of limitations. We find that it did and that the trial court erred in its dismissal.

This is a products liability case. The original complaint was filed on April 16, 1979, and named as defendants, inter alia, "Ford Marketing Corporation" and "Ford Motor Company". The complaint alleged that an injury occurred to the plaintiff on April 16, 1977, and that Ford Motor Company was a Michigan corporation. Nothing was stated in the complaint concerning the legal status of Ford Marketing Corporation. The original complaint was never served on appellees.

The amended complaint, filed on March 18, 1980, and after the expiration of the statute of limitations, named as defendants, inter alia, "Ford Marketing Corporation" and "Ford Motor Company, a foreign corporation". The amended complaint alleged that Ford Marketing Corporation and Ford Motor Company were foreign corporations. This amended complaint was served on appellees.

Appellees moved to dismiss the amended complaint on the ground that the two-year statute of limitations had run. Appellant contended that dismissal was improper because the amendment related back under Rule 15(c), Arizona Rules of Civil Procedure, 16 A.R.S. Appellees countered this argument with the claim that the amendment constituted a change of parties and did not relate back because they had not received notice of the institution of the action prior to the expiration of the statute of limitations. This is required by Rule 15(c) before relation back can occur. It was brought out at the motion to dismiss that Ford Motor Company was never a Michigan corporation but was, instead, a Delaware corporation.

The trial court, resting its decision on *Hughes Air Corporation v. Maricopa County Superior Court,* 114 Ariz. 412, 561 P.2d 736 (1977), granted appellees' motion to dismiss. This was erroneous. As we shall later show, the *Hughes* case is not on point.

We commence by setting forth the rule in question.

"*Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.* An amendment changing the party against whom a claim is asserted

relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. . . . " (Emphasis added)

The emphasized portion represents the rule as it existed prior to its amendment in 1966. The State Bar Committee Note on the amendment observes:

"The amendment to this rule provides for relation back of pleading amendments in cases in which a complainant makes a mistake in designating against whom his claim is asserted. The amendment applies primarily but not exclusively to public officials, as where a party may mistakenly suppose that a particular person occupies an office when in fact by change of circumstances it is occupied by someone else; and it also covers cases in which a suit names an agency when it should name an individual. For example, a plaintiff might sue the 'State Treasury Department' instead of the 'State Treasurer.' While this problem has not been substantial in Arizona, it has been substantial in the federal system, and the amendment is therefore adopted in the interest of conformity."

■ Because Arizona's rule came from the federal rule, we turn to Rule 15(c) of the Federal Rules of Civil Procedure and the federal cases interpreting this rule since we give great weight to federal interpretation of the Federal Rules of Civil Procedure. *Edwards v. Young*, 107 Ariz. 283, 486 P.2d 181 (1971). There appears to be a disagreement amongst the federal courts as to whether the correction of a "misnomer" requires compliance with the second sentence of the federal rule, which is the same as our rule.

Some courts have held that a "misnomer" can be corrected under the first sentence of subsection (c) and the amendment will re-

late back; the requirements set forth in the second sentence for "changing the parties" need not be met. See, e. g., *Washington v. T. G. & Y. Stores Company*, 324 F.Supp. 849, 856 (W.D.La.1971); *Wentz v. Alberto Culver Company*, 294 F.Supp. 1327, 1328–29 (D.Mont.1969); *Fricks v. Louisville & Nashville Railroad Co.*, 46 F.R.D. 31, 32 (N.D.Ga. 1968). See also, 6 Wright & Miller, "Federal Practice and Procedure", Sec. 1498 at 513–14; *Armijo v. Welmaker*, 58 F.R.D. 553 (D.Ariz.1973).

Other federal courts have held to the contrary. See e. g., *Ingram v. Kumar*, 585 F.2d 566 (2nd Cir. 1978), cert. den. 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979); *Ratcliffe v. Insurance Company of North America*, 482 F.Supp. 759 (E.D.Pa.1980); *Holden v. R. J. Reynolds Industries*, 82 F.R.D. 157 (M.D.N.C.1979).

*Ingram v. Kumar*, supra, bases its reasoning on the Advisory Committee's Note to Rule 15(c), 39 F.R.D. 82 (1966) which states:

"Rule 15(c) is amplified to state more clearly when an amendment of a pleading changing the party against whom a claim is asserted (*including an amendment to correct a misnomer or misdescription of a defendant*) shall 'relate back' to the date of the original pleading." (Emphasis added)

Those courts which hold that a mere "misnomer" can be amended under the first sentence of Rule 15(c) do so on the ground that the purpose of the 1966 amendment was to liberalize rather than restrict the right to amend and therefore was not intended to overrule those cases which held, prior to the amendment, that a misdescription or misnomer could be corrected under the first sentence of the rule. See *Wentz v. Alberto Culver Company*, supra, at 1329. In a case decided prior to the 1966 amendment, *Shapiro v. Paramount Film Distributing Corporation*, 274 F.2d 743 (3rd Cir. 1960), the plaintiff originally described a defendant as a New York corporation when it was actually a Delaware corporation. Over the defendant's objection, an amendment was allowed by the trial court. On appeal, the defendant contended that the

amended complaint added a new party and the appellate court in rejecting his argument stated:

"In the circumstances Judge Van Dusen in the district court allowed the inadvertent mistaken description of this defendant's place of origin to be corrected. We do not see that he could have fairly acted otherwise." 274 F.2d at 746.

■ We need not reconcile the federal cases. We conclude, under the facts here, that there was neither a change of parties nor a misnomer. There was only one Ford Motor Company and one Ford Marketing Corporation. A mistake in its place of incorporation was of no consequence. To hold otherwise would be the height of exalting form over substance.

The case of *Hughes Air Corporation v. Superior Court,* supra, relied upon by the trial court in granting appellees' motion to dismiss, is factually distinguishable. In *Hughes,* the plaintiff was injured on an airplane operated by Hughes Air West. Hughes Air West was the name under which Hughes Air Corporation, a Delaware corporation, operated a commercial airline. The plaintiff sued Hughes Aircraft Company, a Delaware corporation, which was an entirely different company owned by the Howard Hughes Medical Institution having no connection with Hughes Air West. After the statute of limitations had run, the plaintiff served the statutory agent for Hughes Aircraft Company. The company moved to dismiss and the plaintiff was given leave to amend. In an amended complaint, he named Hughes Air Corporation as a defendant. Our supreme court held that amendment did not relate back and that the plaintiff's cause of action was foreclosed by the statute of limitations which ran prior to the amended complaint and noted thereunder. In *Hughes* there were two distinct and different corporations, and the plaintiff sued the wrong one. That is not the case here.

The order dismissing the amended complaint is vacated and set aside and the case is remanded for further proceedings.

HATHAWAY, C. J., and BIRDSALL, J., concur.