NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BRUCE NELSON, *Plaintiff/Counterdefendant/Appellant*,

*v.*

SENTRY INSURANCE A MUTUAL COMPANY,
*Defendant/Counterclaimant/Appellee.*

No. 1 CA-CV 14-0574
FILED 11-24-2015

Appeal from the Superior Court in Maricopa County
No. CV2013-008149
The Honorable David O. Cunanan, Judge Pro Tem

**AFFIRMED**

COUNSEL

Aiken Schenk Hawkins & Ricciardi, P.C., Phoenix
By Philip R. Rupprecht
*Counsel for Plaintiff/Counterdefendant/, Appellant*

Bauman Loewe Witt & Maxwell, P.L.L.C., Scottsdale
By Christopher J. Brennan
  And
Nielsen Zehe & Antas, P.C., Chicago, IL
By Christopher L. Valleau
*Counsel for Defendant/Counterclaimant, Appellee*

_____

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

_____

**G E M M I L L**, Judge:

¶1        Appellant Bruce Nelson appeals the trial court's grant of summary judgment in favor of Sentry Insurance Company ("Sentry"), directing that Nelson pay $414,282.96 to satisfy Sentry's workers' compensation lien.  For the following reasons, we affirm.

**BACKGROUND**

¶2        At all times pertinent to this proceeding, Nelson was a minister and grief counselor with Hospice of the Valley, a Phoenix hospice care service.  Sentry was Hospice of the Valley's workers' compensation insurance carrier.  In September 2010, Nelson was acting within the scope of his employment with Hospice of the Valley when he was injured in a serious car accident.  Nelson was on his way to a patient visit when his car was struck by a vehicle driven by an 18-year-old driver who failed to yield when making a left turn.  Nelson was severely injured, underwent multiple surgeries during a 12-day hospital stay, and underwent several weeks of recovery at a rehabilitation center.

¶3        During the initial stages of his treatment, Nelson's medical bills were paid by Cigna Health Insurance ("Cigna"), his personal medical insurance carrier.  Cigna realized that because Nelson was traveling for the benefit of his employer, Hospice of the Valley, at the time of the accident, Sentry rather than Cigna was responsible for payment of Nelson's accident-related medical expenses.  Sentry took over payment of Nelson's medical expenses and ultimately disbursed $414,282.96 in medical and indemnity payments.

¶4        Nelson asserted a third-party claim against the driver of the other vehicle.  In May 2011, Nelson sought and received prior approval from Sentry to settle his claim for $1.55 million.  Sentry informed Nelson that its authorization of the agreement was subject to the satisfaction of Sentry's workers' compensation lien under Arizona Revised Statutes ("A.R.S.") section 23-1023.  Sentry also explained that the amount of the lien

currently totaled $398,213.03, but because it was still in the process of making payments, it was likely the amount of the lien would increase.

**¶5**          Nelson finalized the settlement agreement in June 2011. Of the $1,550,000 settlement total, Nelson's attorney placed $428,213.03 in trust to satisfy Sentry's lien. Of that amount, $398,213.03 was earmarked for Sentry and $30,000 was initially earmarked for "Cigna (Trust holdback potential lien)." Following the settlement disbursement, in August 2011, Nelson requested that Sentry confirm the total amount of its lien. Sentry responded by informing Nelson that it did not yet know the full amount because there was still confusion over the amount owed Cigna.

**¶6**          More than two years later, in April 2013, Nelson informed Sentry that he was prepared to issue a check for $398,213.03, the amount Sentry claimed in its initial letter. The next day, Sentry informed Nelson that the lien amount had increased to $414,282.96.[1] Nelson responded that it was too late for Sentry to increase the lien and demanded that Sentry provide additional documentation to support the purported increase. Over the next few months, the parties attempted to resolve the dispute, but were unable to reach an agreement. Nelson filed an action for declaratory judgment in July 2013. Sentry answered Nelson's action and counterclaimed for declaratory relief, contending it was entitled to the full amount of its lien.

**¶7**          Nelson and Sentry then filed cross-motions for summary judgment. Nelson argued that a workers' compensation lien is subject to a one-year statute of limitations under A.R.S. § 12-541 and asserted that because Sentry did not demand a sum certain on its lien for more than two years, its claim was barred on limitations grounds. Sentry argued that no statute of limitations applies to workers' compensation liens. Sentry also argued that Nelson was estopped from asserting the statute of limitations defense and no claim or controversy existed or accrued until Nelson first refused to satisfy the lien in April 2013.

**¶8**          The trial court found in favor of Sentry, ruling that no time limit applies to lien rights under § 23-1023(D). The court entered judgment in favor of Sentry and directed Nelson to pay the lien. Nelson timely appeals, and this court has jurisdiction under A.R.S. § 12-2101(A).

---

[1] After the trial court's ruling on the parties' summary judgment motions, the parties stipulated that the amount of Sentry's workers' compensation lien totals $414,282.96. The amount is not in dispute on this appeal.

## DISCUSSION

**¶9** We review de novo a trial court's grant or denial of summary judgment, and we view the evidence and all reasonable inferences therefrom in the light most favorable to the party against whom judgment was entered. *Felipe v. Theme Tech Corp.*, 235 Ariz. 520, 528, ¶ 31 (App. 2014).

**¶10** Arizona's workers' compensation statutes create a lien in favor of the workers' compensation insurance carrier for recovery of the amount paid when a third party compensates an insured for his injuries. A.R.S. § 23-1023(C)–(D). In relevant part, A.R.S. § 23-1023(D) provides:

> If the employee proceeds against the other person, compensation and medical, surgical and hospital benefits shall be paid as provided in this chapter and the insurance carrier or other person liable to pay the claim *shall have a lien on the amount actually collectable from the other person to the extent of such compensation and medical, surgical and hospital benefits paid.* This lien shall not be subject to a collection fee. The amount actually collectable shall be the total recovery less the reasonable and necessary expenses, including attorney fees, actually expended in securing the recovery.

(Emphasis added.)

**¶11** The trial court found, and the parties agree, that when Nelson recovered damages from the other driver, Sentry obtained a lien under § 23-1023 on a portion of those damages. On appeal, Nelson argues the trial court erred when it found Sentry's right to recovery under the statute was "absolute" and not subject to any statute of limitations. We review de novo the trial court's interpretation of a statute, *City of Phoenix v. Harnish*, 214 Ariz. 158, 161, ¶ 6 (App. 2006), and look to the plain meaning of the statutory language as the best indicator of its meaning, *New Sun Bus. Park v. Yuma Cty., LLC*, 221 Ariz. 43, 46, ¶ 12 (App. 2009).

¶12        Nelson asserts that workers' compensation liens are statutorily created rights such that collection on a lien must be "commenced and prosecuted within one year after the cause of action accrues." *See* A.R.S. § 12-541(5).  Sentry argues that if a statute of limitations applies, it is a two-year time limit under A.R.S. § 12-542(1).  Sentry claims workers' compensation lien rights are identical to and indistinguishable from subrogation rights, and thus, the two-year limit for filing tort claims should apply.

¶13        In analyzing this appeal, we distinguish between the existence of Sentry's lien under the statute and the necessity of an action to enforce or collect the lien.  As a matter of statutory application, no statute of limitations applies to the creation and perfection of the lien.  Section 23-1023(D) states plainly that an insurer "shall have a lien on the amount actually collectable from the other person" after a third-party claim is paid.[2] When Nelson received his settlement proceeds from the other driver in June 2010, Sentry's lien right attached automatically as a matter of law.  *See Carter v. Indus. Comm'n*, 182 Ariz. 128, 130 (1995) ("[L]ien credits against future benefits attach when and to the extent an employee receives settlement payments," even if the payments are graduated payments made over a period of time.); *cf. Grijalva v. Ariz. State Comp. Fund*, 185 Ariz. 74, 77 (1996) (explaining that a lien under A.R.S. § 23-1023 attaches when a third-party claim is settled, even if the defendant was not "actually culpable").  Sentry had to do nothing more to "perfect" its lien.

¶14        The remaining question, therefore, is whether Sentry timely sought judicial enforcement of its lien.  Under these facts, we need not decide whether any potential statute of limitations applies to a § 23-1023(D) lien enforcement action.  Any applicable limitations period did not begin to run until April 2013, when Nelson announced he would refuse to satisfy Sentry's lien, and Sentry counterclaimed approximately three months later.

---

[2] In contrast, Arizona law provides detailed requirements for the perfection and enforcement of other third-party liens, such as a mechanic's or materialmen's lien.  *See* A.R.S. §§ 33-992.01–992.02; -993.  Whereas those statutes outline steps that a lienholder must take to provide notice to the other encumbered party and to perfect, record, and enforce the lien, the workers' compensation lien statute contains no additional requirements for attachment or perfection.

¶15          The Arizona Supreme Court has explained that a limitations period is meant to "protect defendants and courts from stale claims where plaintiffs have slept on their rights." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co.*, 182 Ariz. 586, 590 (1995) (citing *Ritchie v. Grand Canyon Scenic Rides*, 165 Ariz. 460, 464 (1990)). But a plaintiff who does not know or have reason to know a cause of action exists cannot be said to have slept on his or her rights. *Doe v. Roe*, 191 Ariz. 313, 322, ¶ 29 (1998). A statute of limitations does not begin to run until the plaintiff "knows or with reasonable diligence should know" that a claim exists. *Id.*; *see also Gust, Rosenfeld & Henderson*, 182 Ariz. at 590.

¶16          Until this dispute arose in April 2013, both Sentry and Nelson acted in a manner entirely consistent with the existence and enforceability of Sentry's lien. Sentry made clear that its approval of Nelson's settlement agreement with the other driver was contingent upon satisfaction of Sentry's lien under § 23-1023. Counsel for Nelson placed into trust a lump sum of money for the specific purpose of satisfying Sentry's lien. Counsel for both Sentry and Nelson communicated periodically regarding the lien and agreed to extend their informal deadlines[3] for finalization in September 2012. In October 2012, Sentry was still communicating with Cigna to determine the actual amount of the payments made on Nelson's behalf. And, as late as April 2013, Nelson was prepared, and in fact offered, to pay the lien in the amount Sentry had claimed at the time of the settlement. Nelson did not dispute Sentry's entitlement to the settlement proceeds until Sentry informed him that the final amount of the lien was greater than Nelson's offer of payment. Thereafter, Nelson argued that Sentry had lost the right to enforce the lien in its entirety.

¶17          Sentry was not required to initiate litigation to protect its lien right until a dispute arose over Sentry's entitlement to reimbursement. Any potentially applicable limitations period did not begin to run until Nelson refused to pay the purported lien amount. Sentry's July 2013 counterclaim for collection of its lien was therefore timely. The trial court did not err.

---

[3] The parties refer to this extension as an agreement to "extend the statute of limitations." They do not, however, reference any statutory basis for the purported statute of limitations. Sentry argues that because Nelson agreed to an extension of this deadline, he is estopped from asserting a statute of limitations defense. We need not address this argument because, as we decide herein, Sentry filed suit approximately three months after discovering that Nelson was no longer agreeing to satisfy the lien.

## CONCLUSION

**¶18**      Because Sentry filed its counterclaim seeking reimbursement promptly after the dispute over its lien arose, we affirm the trial court's grant of summary judgment in Sentry's favor. As the successful party on appeal, Sentry is entitled to its taxable costs on appeal, upon compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama