h KIRBY, Judge.
Plaintiff, Albert Hardy, Sr., appeals the trial court’s judgment dismissing his lawsuit against defendant, Charles C. Foti, Jr. and the Orleans Parish Sheriffs Office. We affirm.
On June 3, 1992, plaintiff filed a petition for damages alleging that on June 5, 1991, he was an inmate in the Orleans Parish Prison system operated by Orleans Parish Criminal Sheriff Charles Foti, Jr. and the Orleans Parish Sheriffs Office.[1] Plaintiff alleges that on that date, he was bitten on *793 his hand by an insect and despite immediate swelling and other physical symptoms, he was denied medical treatment until June 11, 1991. He further alleges that as a result of the delay in treatment, he required surgery on June 14, 1991 and was hospitalized for seven days. Plaintiffs petition claimed that his damages were caused by the negligence of the defendants in failing to adequately fumigate and otherwise prevent dangerous insects from infesting the prison, and in failing to provide medical treatment to plaintiff in a timely manner. Defendants were not served with a copy of plaintiffs petition until January 7,1997.
12At trial, plaintiff offered his own testimony, but called no other witnesses. Plaintiff testified that a spider bit him during his incarceration. He stated that he filed a grievance about this incident, but his grievance was ignored until five days later when his hand became so swollen that he was brought to Charity Hospital by prison officials. He said he underwent hand surgery and stayed in the hospital for seven days, and that there are prison records to prove his transfer to and from Charity Hospital. Plaintiff testified that he had medical records to prove that he was bitten by a spider and had surgery on his hand. He also stated that he subpoenaed the physician who operated on his hand to testify at trial. However, as the trial court noted at trial, there was no proof in the record that any physician had been served with a subpoena to testify on behalf of plaintiff. The trial court did not allow the plaintiff to introduce the medical records he brought to trial into evidence because they were not certified.
On cross-examination, plaintiff admitted to having several felony convictions. He stated that he was familiar with sick call procedures and grievance procedures used in the Orleans Parish Prison system. He admitted that he had filed many grievance forms during his incarceration. Plaintiff said he reported the spider bite to a corpsman at the prison, but did not subpoena him because he did not know his name.
The defendants introduced into evidence a certified copy of the Orleans Parish Sheriffs Office grievance file on plaintiff. This file included twenty grievances filed between May 8, 1991 and April 3, 1992. The grievance file did not include any incident involving a spider bite, either on June 5, 1991 or any other date. The file did include a grievance filed on June 7,1991 in which plaintiff stated “I been complaining about 6 to 7 week to see the dermatology.” That ^grievance, filed two days after the alleged spider bite, did not include any reference to a spider bite.
At the conclusion of trial, defendants moved for an involuntary dismissal of plaintiffs case pursuant to La. C.C.P. art. 1672, arguing that plaintiff failed to prove his case. The trial court granted defendants’ motion, and dismissed plaintiffs case. The court stated that he did not have enough evidence before him to grant judgment for plaintiff. Plaintiff now appeals.
On appeal, plaintiff argues that the trial court erred in granting the defendants’ motion for involuntary dismissal. He claims that the trial court erred in refusing to allow the introduction of the medical records he brought to trial, which allegedly showed that he was admitted to Charity Hospital on June 11, 1991 and underwent hand surgery on June 14, 1991. He also suggests that the grievance records introduced by defendants were altered to omit his complaint about the spider bite. Plaintiff claims that the June 7, 1991 grievance that included a request to see a dermatologist, but did not mention a spider bite, was a “fraudulent claim” by defendants because the need for a dermatologist in *794 volved a mole that was removed on July 23, 1993 when plaintiff was incarcerated at a different correctional facility.
In Joseph v. Dickerson, 99-1046, p. 6-7 (La.1/19/00), 754 So.2d 912, 916, the Louisiana Supreme Court summarized the burden of proof required for a negligence claim as follows:
Negligence claims under La. Civ. Code art. 2315 are examined using a Duty/ Risk analysis. The Duty/Risk analysis is a set of five separate elements that takes into account the conduct of each party and the peculiar circumstances of each case. The plaintiffs bear the burden of proving each of the following elements: (1) the defendants’ conduct was a cause-in-fact of the | ¿plaintiffs’ injuries, (2) the defendants had a duty to conform their conduct to a specific standard, (3) the defendants breached that duty to conform their conduct to a specific standard, (4) the defendants’ conduct was the legal cause of the plaintiffs’ injuries, and (5) actual damages. Teel v. State, DOTD, 96-0592, pp. 9-10 (La.10/15/96), 681 So.2d 340, 343; Roberts v. Benoit, 605 So.2d 1032, 1041-42 (La.1991). A negative answer to any of the elements of the Duty/Risk analysis prompts a no-liability determination. Stroik v. Ponseti 96-2897, pp. 6-7 (La.9/9/97), 699 So.2d 1072, 1077.
Prison authorities owe a duty to use reasonable care to protect inmates from harm. Misenheimer v. West Baton Rouge Parish Sheriff’s Office, 95-2427 (La.App. 1 Cir. 6/28/96), 677 So.2d 159. Having established that the defendants owed plaintiff a duty, we must now determine whether plaintiff proved that defendants breached that duty by failing to use reasonable care to protect him from harm. The plaintiff did not present any evidence supporting his claim that his spider bite was the result of defendants’ negligence. His claim that defendants denied him medical treatment for the spider bite is also not supported by the record. There was no request by plaintiff for medical attention for a spider bite in his lengthy grievance file. Furthermore, plaintiff filed a grievance only two days after the alleged spider bite, yet did not mention a bite or need for medical attention related to a bite in that report. Therefore, we find that the plaintiff did not prove that defendants breached their duty of reasonable care owed to plaintiff. Absent proof of a breach of defendants’ duty, defendants cannot be held liable to plaintiff.
Plaintiff attached certain medical records to his appeal brief in an attempt to support his claim. However, these records were not introduced at trial, so they are not part of the trial court record and cannot be considered by this Court. Audler v. Board of Commissioners of the Port of New Orleans, 617 So.2d 73 (La.App. 4 Cir.1993).
 La. C.C.P. art. 1672(B) states:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
A motion for involuntary dismissal should be granted if the plaintiff failed to establish his claim by a preponderance of the evidence. Franicevich v. Caillou Island Towing Co., Inc., 97-1887 (La.App. 4 Cir. 3/17/99), 732 So.2d 93. A trial court’s *795 granting of a motion for involuntary dismissal will not be reversed in the absence of manifest error. Id.
A review of the trial court record shows that plaintiff failed to establish his negligence claim against defendants by a preponderance of the evidence. Therefore, the trial court’s decision to grant defendants’ motion for involuntary dismissal was not manifestly erroneous.
For these reasons, the trial court judgment is affirmed.
AFFIRMED.

. Plaintiffs original and substitute counsel filed pleadings on his behalf but withdrew prior to trial. Plaintiff represented himself at trial and on appeal.