NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

_____

ALAN D. FELICIANO, *Plaintiff/Appellant,*


*v.*


MCSO SHERIFF PENZONE, et al., *Defendants/Appellees.*

No. 1 CA-CV 18-0161
FILED 12-13-2018

_____

Appeal from the Superior Court in Maricopa County
No. CV2017-012745
The Honorable Teresa A. Sanders, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

_____

APPEARANCES

Alan D. Feliciano, Phoenix
*Plaintiff/Appellant*

Maricopa County Attorney's Office, Phoenix
By Sherle R. Flaggman, Maxine S. Mak, Joseph J. Branco
*Counsel for Defendants/Appellees*

_____

## MEMORANDUM DECISION

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge Michael J. Brown and Judge James B. Morse Jr. joined.

_____

**B E E N E**, Judge:

**¶1**           Alan D. Feliciano appeals from the dismissal of his complaint. For the following reasons, we affirm in part, vacate in part, and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**           According to Feliciano, while he was incarcerated at the Maricopa County Fourth Avenue Jail, he sustained a painful spider bite to his hand. He did not receive medical treatment for three days, other than a single dose of Tylenol. Thereafter, Dr. Gale Steinhauser made an incision in his right thumb, without anesthetic, causing him intense pain. He was later treated at the Maricopa County Hospital where a surgeon removed infected tissue from his thumb.

**¶3**           Feliciano filed a lawsuit against Maricopa County (the "County"), the County Sheriff Paul Penzone, Dr. Steinhauser, and Dr. Jeffrey Alvarez, the Correctional Health Services ("CHS") medical director (collectively "Defendants"). He also used fictitious names to identify two detention officers, two nurses, and several other unidentified CHS employees. Feliciano asserted claims for negligence, medical malpractice, assault and battery, and violation of his state constitutional rights.

**¶4**           The Defendants moved to dismiss the claims against them pursuant to Arizona Rules of Civil Procedure ("Rules") 12(b)(6) and 12(c). In response, Feliciano moved to amend his complaint. His proposed amended complaint included the true names of the detention officers and asserted additional claims under the United States Constitution.

**¶5**           The superior court denied Feliciano's motion to amend and, thereafter, granted Defendants' motions to dismiss. Feliciano, then, moved to amend his complaint a second time. However, before the superior court ruled on his motion, he withdrew it.

**¶6** Thereafter, the superior court entered judgment in favor of the Defendants, dismissing all of Feliciano's claims with prejudice. Feliciano timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶7** On appeal, Feliciano challenges the denial of his motion to amend and the dismissal of his claims.

## I. The Superior Court Abused Its Discretion by Denying Feliciano's Motion to Amend.

**¶8** Feliciano argues the superior court abused its discretion by not giving him "one chance to amend his complaint."

**¶9** "Leave to amend must be freely given when justice requires." Ariz. R. Civ. P. 15(a)(2). As our supreme court has explained, trial on the merits is favored; therefore, "amendment will be permitted unless there has been undue delay, dilatory action or undue prejudice." *See Owen v. Superior Court (Moroney)*, 133 Ariz. 75, 79 (1982). We review the denial of a motion to amend for an abuse of discretion. *MacCollum v. Perkinson*, 185 Ariz. 179, 185 (App. 1996). "Misapplication of the law can constitute an abuse of discretion." *Id.* (*citing City of Phoenix v. Geyler*, 144 Ariz. 323, 329 (1985)).

**¶10** Pursuant to Rule 15, Feliciano had the right to amend his complaint without court permission. *See* Ariz. R. Civ. P. 15(a)(1)(B). This rule authorizes a plaintiff to amend his complaint "once as a matter of course . . . no later than 21 days after a responsive pleading is served . . . or, if a motion under Rule 12(b), (e), or (f) is served, on or before the date on which a response to the motion is due, whichever is earlier." Ariz. R. Civ. P. 15(a)(1)(B). Here, Dr. Alvarez and Dr. Steinhauser jointly moved to dismiss under Rule 12(b) on November 8, 2017. Sheriff Penzone moved to dismiss under Rule 12(b) on November 20, 2017. The County moved to dismiss under Rule 12(b) on November 29, 2017. Feliciano moved to amend his complaint on November 21, 2017, before his responses to Defendants'

motions were due.[1] Under Rule 15, he had the right to amend his complaint absent court permission.

¶11 Feliciano, however, did seek permission. His motion to amend expressly indicated that he sought to include the true names of the previously unidentified detention officers. His proposed amended complaint, which he attached to his motion, included the officers' names.

¶12 Rule 10(d) permits a plaintiff to identify a defendant by a fictitious name if he does not know his or her true name. *See* Ariz. R. Civ. P. 10(d); *Gonzalez v. Tidelands Motor Hotel Co., Inc.*, 123 Ariz. 217, 218 (App. 1979). The Rule further provides that when the "defendant's true name is discovered, the pleading or proceeding *should be amended* accordingly." Ariz. R. Civ. P. 10(d) (emphasis added). Feliciano sought to comply with Rule 10 by naming the detention officers in his amended complaint.

¶13 In addition, Feliciano's motion to amend indicated that he was asserting "more and/or different" legal claims. His proposed amended complaint alleged violations of the United States Constitution.

¶14 Feliciano's motion to amend was neither dilatory nor would have caused undue delay or prejudice to Defendants. Leave to amend should have been granted to allow Feliciano the opportunity to identify the two detention officers by name and assert his federal constitutional claims.[2] Accordingly, we vacate the court's denial of Feliciano's motion to amend and remand to provide him the opportunity to file an amended complaint.

---

[1] Feliciano's response to the first motion to dismiss was due on November 23, 2017, which was ten days after the filing of Dr. Alvarez and Dr. Steinhauser's motion to dismiss, excluding weekends and holidays. *See* Ariz. R. Civ. P. 7.1(a)(3) (a response must be filed within ten days after service); Ariz. R. Civ. P. 6(a)(2) (intermediate Saturdays, Sundays, and legal holidays are excluded if the period is less than eleven days).

[2] Because the court granted the parties' motions to dismiss after it denied Feliciano's attempt to amend his complaint, Feliciano's subsequent withdrawal of his second amended complaint caused no waiver of Feliciano's right to amend the original complaint "once as a matter of course." *See* Ariz. R. Civ. P. 15(a)(1).

## II.     Dismissal of Claims.

**¶15**         Feliciano also argues that the superior court erred by dismissing his claims.

**¶16**         We review the grant of a motion to dismiss *de novo*.  *See Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 8 (2012).  We assume the facts pleaded in the complaint are true and "will not affirm the dismissal unless satisfied as a matter of law that [the plaintiff] would not be entitled to relief under any interpretation of the facts susceptible of proof." *Fid. Sec. Life Ins. Co. v. State, Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998).

### A.     Constitutional Claims.

**¶17**         Feliciano's original complaint alleged that Defendants violated his due process rights and made him suffer cruel and unusual punishment.   He mistakenly referred to the Eighth and Fourteenth Amendments of the Arizona Constitution, although it is the Eighth and Fourteenth Amendments to the United States Constitution that establish the right to due process and guarantee against cruel and unusual punishment.[3]  *See* U.S. Const. amend. VIII, XIV, § 1.  Under the Arizona Constitution, those rights are protected by Article 2, Sections 4 and 15.  *See* Ariz. Const. art. 2, §§ 4, 15.

**¶18**         Defendants moved to dismiss Feliciano's state constitutional claims arguing that Arizona law does not support a private right of action under the Arizona Constitution.  Feliciano's proposed amended complaint, however, also alleged violations of the United States Constitution, which are actionable under 42 U.S.C. § 1983. *See Braillard v. Maricopa County*, 224 Ariz. 481, 489, ¶ 20 (App. 2010).  In *Braillard*, this Court acknowledged that "deliberate indifference to serious medical needs of prisoners" is unconstitutional whether exhibited by prison doctors responding to a prisoner's need or by prison guards "intentionally denying or delaying access to medical care." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)).  This deliberate indifference can form the basis for a § 1983 claim.[4]

---

[3]     On appeal, Feliciano acknowledged that he should have also referenced Article 2, Sections 4 and 15, of the Arizona Constitution.

[4]     Feliciano's proposed amended complaint did not specifically invoke § 1983.  Although, the United States Supreme Court has held that a plaintiff need not invoke § 1983 expressly to state a claim for relief, Feliciano may

*See id.* As this Court has previously explained, a constitutional claim may arise if a prisoner has experienced discomfort associated with physical pain "even in the absence of any serious bodily injury to the plaintiff." *Wilkie v. State*, 161 Ariz. 541, 545 (App. 1989).

¶19 Because Feliciano will have the opportunity to amend his complaint to assert claims pursuant to the Eighth and Fourteenth Amendments of the United States Constitution, we vacate the superior court's dismissal of his constitutional claims.

### B. Assault and Battery Claim.

¶20 Feliciano's complaint also alleged that Defendants committed assault and battery. Defendants moved to dismiss this claim on the basis that Arizona law does not authorize a claim for medical assault and battery.

¶21 Pursuant to A.R.S. § 12-562, a medical malpractice action filed "against a licensed health care provider shall not be based upon assault and battery." A.R.S. § 12-562(B). Accordingly, Feliciano's claim for assault and battery was properly dismissed against all Defendants because the facts pleaded in Feliciano's original complaint do not support a claim of non-medical assault and battery.

### C. Medical Malpractice Claim.

¶22 Feliciano's complaint further alleged that Defendants committed medical malpractice. Dr. Steinhauser, Dr. Alvarez, and the County moved to dismiss this claim on the basis that Feliciano failed to submit the expert certification required by A.R.S. § 12-2603(A).

¶23 Section 12-2603 requires a plaintiff bringing a claim for medical malpractice to file and serve a written certification indicating whether or not expert opinion testimony is necessary to prove the standard of care or liability. A.R.S. § 12-2603(A). Although Feliciano did not file a written certification with his complaint, he did so after Defendants filed

---

wish to amend his complaint to add a reference to § 1983 on remand. *See Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014).

their motions to dismiss. Therefore, failure to comply with § 12-2603 was not a proper basis for dismissal.[5]

**¶24** The County also moved to dismiss the medical malpractice claim against it by arguing that it is not a "licensed health care provider" as defined by A.R.S. § 12-561(1) and, therefore, cannot be sued for medical malpractice. *See Sahf v. Lake Havasu City Ass'n for the Retarded & Handicapped*, 150 Ariz. 50, 58 (App. 1986) (explaining that Lake Havasu is not a "licensed health care provider"). We affirm the dismissal of the medical malpractice claim against the County.

### D. Negligence Claim.

**¶25** Feliciano's complaint also alleged negligence. Sheriff Penzone moved to dismiss Feliciano's claim for negligence against him by arguing that he is not responsible for health care in the jail. He relies on A.R.S. § 11-291, which states that the County Board of Supervisors *may* provide medical care "to persons under the supervision of a county corrections agency." A.R.S. § 11-291(A) ("[T]he board of supervisors may provide for the hospitalization and medical care of . . . ."). This statute, thus, does not absolve the Sheriff from allegations of negligence.

**¶26** In *Braillard*, this Court acknowledged that a sheriff may be responsible for training his officers to recognize and respond to prisoners' medical needs. *See Braillard*, 224 Ariz. at 492, ¶¶ 27, 29. Other jurisdictions have recognized that prison authorities owe a duty to prisoners to protect them from harm. *See, e.g., Hardy v. Foti*, 812 So. 2d 792, 794 (La. Ct. App. 2002) (addressing a claim for negligence based on an inmate's spider bite). Based on this limited record, we cannot affirm the dismissal of Feliciano's negligence claim against Sheriff Penzone. Other Defendants did not move to dismiss Feliciano's negligence claims. To the extent the judgments purported to dismiss the negligence claims against the remaining Defendants, we vacate the judgments.

### III. *Pro Se* Representation.

**¶27** Feliciano argues the superior court should have considered that he is a "layman to the law" rather than a licensed attorney and should have applied "less stringent standards" in reviewing his complaint. Under

---

[5] Moreover, this Court has previously explained that a plaintiff's failure to comply with § 12-2603 does not authorize dismissal with prejudice. *Boswell v. Fintelmann*, 242 Ariz. 52, 54, ¶ 8 (App. 2017).

Arizona law, a *pro se* party "is entitled to no more consideration than if he had been represented by counsel, and he is held to the same familiarity with required procedures and the same notice of statutes and local rules as would be attributed to a qualified member of the bar." *Copper State Bank v. Saggio*, 139 Ariz. 438, 441 (App. 1983) (citations omitted).

## CONCLUSION

**¶28** For the foregoing reasons, we affirm the superior court's dismissal of the assault and battery claim against all Defendants and the dismissal of the medical malpractice claim against the County. We vacate the superior court's dismissal of Feliciano's remaining claims. We also vacate the superior court's order denying Feliciano leave to amend his complaint and remand to the superior court to provide Feliciano with an opportunity to file his amended complaint as to the remaining claims.



AMY M. WOOD • Clerk of the Court
FILED:  AA